IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN WILLIAM WALLACE,

    Plaintiff,

v.                                                CASE NO. 1:14-cv-104-MP-GRJ

MCCARTNEY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

    This matter is before the Court on Doc. 1, a handwritten document docketed as a *pro se* complaint.  Plaintiff is identified as John William Wallace, who provides a "General Delivery" address in San Francisco.  *See* Doc. 1.  Plaintiff has neither paid the court's filing fee nor completed a motion for leave to proceed as a pauper.  The Court will not direct Plaintiff to correct these deficiencies because the allegations of the complaint are utterly unintelligible and patently frivolous.  To the best the Court can decipher, Plaintiff's complaint consists of nothing but a list of charges of trespass in various locations, and the name of "McCartney," who is apparently a federal agent, without further detail or explanation.

    Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*,  the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C § 1915(e)(2).  "A claim is frivolous if it is without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle*

*v. Central State Hospital*, 898 F.2d 126,129 (11th Cir. 1990)).  A dismissal as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i) is appropriate when a complaint presents legal theories that are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

This is plainly such a case.  Plaintiff's allegations are not simply frivolous, they are wholly incomprehensible.  Furthermore, it appears that Plaintiff has a habit of filing large numbers of frivolous lawsuits in other judicial districts.  *See, e.g., Wallace v. United States*, Case No. Cv-13-5135-EFS (E.D. WA.., Nov. 18, 2013) (discussing Plaintiff's history of filing cases, and dismissing Plaintiff's case and imposing a one-year bar on filing.)

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed as frivolous, and that filings received in the name of "John William Wallace" be referred to the undersigned for screening before filing.

**IN CHAMBERS** this 11th day of June 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**